```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AARON WILLIAMS,                      :
                                     :
              Plaintiff,             :   CIVIL ACTION
                                     :
     vs.                             :   No. 09-cv-0781
                                     :
GUARD BRYANT FIELDS, BARRY JONES,    :
SERGEANT COATES, GUARD HUGHES,       :
C/O LACKEY, LOUIS GIORLA,            :
PRISON HEALTH SERVICES, and          :
CITY OF PHILADELPHIA                 :
                                     :
              Defendants.            :
```

## Memorandum and Order

**Joyner, J.**                                    **October 27, 2009**

Presently before the Court is Prison Health Service's Motion for Summary Judgment (Doc. No. 20), Plaintiff's Response in Opposition (Doc. No. 26) and Defendant's Reply thereto (Doc. 29). For the reasons set forth below, the Court grants the Motion.

## Background

Plaintiff Aaron Williams, a state prisoner proceeding pro se, alleges in his Complaint that he did not receive proper medical treatment for injuries he received while he was incarcerated at the Philadelphia Detention Center ("PDC"). (Compl., ¶ 6-8.) Plaintiff alleges that when he was incarcerated on January 23,

1

2008, he informed Defendant Prison Health Services ("PHS") that his neck had been fractured in 2007 and requested a neck brace. (Ex. 1, PHS's Progress Notes.) Plaintiff avers that he complained to PHS four times about neck pain (Ex. 3, Sick Call Requests), but was not examined or treated for his injury until he filed a grievance on May 6, 2008.  (Ex. 4, Inmate Grievance Form.) Plaintiff purports to have been subject to an incident of excessive use of force where he received a cut to his forehead, fractured nose, cuts to the inside of his mouth, and injury to his elbow.  (Pl.'s Compl., ¶ 18-24.)  Plaintiff alleges that he was denied treatment for his fractured nose (Id. at ¶ 28-30.) and that despite the doctor's order for x-rays on June 9, 2008, the x-ray was not received until after Plaintiff submitted a sick call request on June 30. (Ex. 7, Physician's Orders.)  He further alleges that he was administered Percogesic during his doctor's visit, which was prescribed to Plaintiff for continued use by the attending physician (Id.), but the Percogesic was never provided.[1]  (See Ex. 8, Medication Charting Sheets.)

On June 30, 2008, after x-rays revealed that his neck and nose were fractured, Plaintiff filed a grievance against PHS for failing to provide the prescribed Percogesic.  (Ex. 9, Inmate

---

[1] The Philadelphia Prisons Policies and Procedures dictates that prescriptions and referrals will be honored unless overridden by a senior physician for valid reasons.

Grievance Form.)  Plaintiff contends that in response to this filing, the Acting Health Service Administrator for PHS, Maureen Heaney, falsely stated that Plaintiff had not suffered any fractures and that Tylenol was available at the commissary for purchase by inmates.  (Ex. 10, Finding of the Inmate Grievance.) In an appeal to Defendant Giorla, Commissioner of PHS, it was acknowledged by the Chief of Medical Operations for PHS, that Plaintiff had suffered the injuries complained of, but Defendant Giorla denied the appeal and advised the Plaintiff to get Tylenol from the commissary.  (Ex. 11, Grievance Appeal Response.)

Plaintiff commenced this civil rights action on February 20, 2009, pursuant to 42 U.S.C. § 1983. (Ex. 1, Pl's Compl.) Plaintiff contends that two of PHS's policies violate his Fourteenth Amendment right to adequate medical care.  First, he argues that PHS has a policy of only treating visible injuries, which is why PHS did not provide care for his neck.  Second, Plaintiff claims that PHS has a policy of requiring inmates to purchase over-the-counter pain medication from the commissary which prevented Plaintiff, who was indigent, from purchasing the medication because he was indigent.  (Compl., 15-16.)  In response, PHS contends that it is not liable, both because it does not have a policy of only treating visible injuries and because the policy requiring inmates to purchase over-the-counter

3

medication is established by the City of Philadelphia and not by PHS.

## Standard of Review

Summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in their favor. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).  If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Id. (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).  A non-moving party, in turn, has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. Gleason v. Norwest Mortgage, Inc., 243 F.3d 130, 138 (3d Cir. 2001).

## Discussion

Plaintiff's allegation that PHS has a policy of only treating visible injuries fails to create a genuine issue of fact to survive Summary Judgment.  It is an undisputed fact that the Plaintiff in fact received medical attention for his alleged injuries.  <u>See</u> Prison Medical Records.  PHS has submitted that the Confidential Medical Screening Form, which asks questions pertaining to non-visible injuries, and a form entitled Admission Data of Plaintiff's Health that is completed during intake, which also inquires into non-visible injuries. The fact that PHS ordered x-rays to look for non-visible injuries discredits any argument that a policy of treating only visible injuries exists.  Since Plaintiff has not established that PHS has a policy of only treating visible injuries, we need not address whether a constitutional violation occurred.

Next we look to Plaintiff's claim regarding PHS's failure to fill the medication prescribed to him.  Plaintiff's prescription was not filled and he was told to purchase an over-the-counter medication which is substantially similar to that prescribed.  Plaintiff claims that he was unable to purchase the over-the-counter equivalent because he is indigent and failing to provide the proscribed version was the result of a PHS policy which violated his constitutional right to medical care.  PHS

does not dispute that there is a policy requiring inmates to pay for over-the-counter medication.  This policy is established by the City of Philadelphia, not PHS.  See Def's Reply Bf. in Support of Summary Judgment, at 3-4.  The City of Philadelphia's Prisons Policies and Procedures guide distinguishes between "convenience care" and necessary medication.  "Convenience care" is defined as "health care requested by an inmate, that does not require treatment by a QHCP (Qualified Health Care Professional); for example, standard treatments for self-limited conditions such as mild dandruff and mild acne."  (See Def's Mem. in  Support of MTD, Ex 1.) Inmates must pay for convenience care which is available for purchase over-the-counter at the commissary.  See Philadelphia Prison Policies & Procedures, Ex 1.  The City of Philadelphia has a second policy applicable to the instant case which states that "prescriptions and referrals will be honored unless overridden by a senior physician for valid reasons."  Id.  The medication prescribed to the Plaintiff appears to be substantially similar to that which is available to inmates for purchase over-the-counter.  See Philadelphia Prisons Policies & Procedures, Ex 1.

Even though a PHS employee may have violated Plaintiff's constitutional rights, the actions of individual PHS employees must be attributable to a relevant PHS policy or custom in order

6

for liability to attach to PHS.  See Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997). Given that Plaintiff fails to show that PHS had a relevant policy or custom of denying prescription medications for inmates; we decline to determine whether this individual circumstance of failing to provide Plaintiff with the prescribed medication amounted to a constitutional violation. "To establish a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law."  Natale, 318 F.3d at 580-81.  A private corporation acting under color of state law can properly be sued under § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). This liability, however, cannot rest solely on the basis of respondeat superior.  If the plaintiff chooses to sue the overarching entity rather than the individuals directly responsible for his harm, he must show that the defendant had a policy or custom that caused the constitutional violation. Natale, 318 F.3d at 583-84.  For purposes of § 1983, a policy requires a formal proclamation from a person with final authority on the matter.  Id. at 584.  A custom, on the other hand, does not require formality, but must be "so widespread as to have the force of law."  Bd. of the County Comm'rs v. Brown, 520 U.S. 397,

7

404 (1997).

The Third Circuit has recognized three scenarios where an employee's acts may be attributable to a policy or custom of the governmental entity for whom the employee works.  First, where the employee's act is simply an implementation of the entity's policy; second, where no official rule has been announced as policy but federal law has been violated by an act of the policymaker itself; and third, where the policymaker has failed to act affirmatively to control its agents where it is so obvious, and the inadequacy of the existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent.  Natale, 318 F.3d at 584.

The failure to supply the prescribed medication in this specific instance involves the interpretation of the City of Philadelphia's policy by an individual employee of PHS.  Whether the medication was required medication or convenience care in this single instance was a decision made by an employee of PHS, not a widespread PHS policy. Although the claims against the individual employees may have merit, PHS cannot be exposed to liability under § 1983 solely because of its employees' independent actions.

Furthermore, Plaintiff has not provided sufficient evidence

8

from which an inference can be drawn that PHS failed to act against a general policy of the City of Philadelphia that fails to provide prescribed medication to prisoners with serious medical needs.  Given that the Plaintiff has not met his burden of establishing a policy or custom attributable to PHS, PHS' Motion for Summary Judgment must be granted.